IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWNDRIA CALLOWAY, as the representative of the estate of Shawn Dewon Calloway, Sr., | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| COREY WELCH; TIMOTHY JONES, DAKOTA SMITH, SHELIA THREAT, ROBERT PRICE; KELSEY WILSON; and RODNEY TABB, | ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff complains of defendants, stating as follows:

## INTRODUCTION

1.     On or about July 20, 2024, while incarcerated in the Lee County Jail, Shawn Calloway was murdered by his cellmate, Jimmy Jenkins.

2.     Shawn was murdered due to the deliberate indifference of the defendants to the known risk to Shawn's safety that Jenkins presented.

3.     At the time Shawn was placed into a cell with Jenkins, correction personnel, including defendants, knew Jenkins was a violent offender with mental issues with a recent history of violence towards other inmates and that Shawn was a vulnerable inmate with physical disabilities.

4. Nevertheless, Shawn was housed with Jenkins in a cell with blacked out windows and a non-working call button.

5. Even after Shawn was menaced by Jenkins and made multiple requests over the course of 2 days to be moved out of the cell for his protection, defendants refused to remove Shawn from the cell.

6. Defendants chose to leave Shawn at Jenkins' mercy.

7. In the early morning hours of July 20, 2024, Jenkins choked Shawn to death.

## JURISDICTION AND VENUE

8. This action arises under the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983.

9. This Court has jurisdiction of plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of his state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391(b), as the majority of the defendants reside in this judicial district and the events and omissions giving rise to plaintiff's claims occurred within this judicial district.

## PARTIES

11.    Plaintiff Shawndria Calloway is of legal age, a citizen, a resident of the state of Alabama and the duly-appointed representative of the estate of Shawn Calloway.

12.    Defendant Corey Welch was the administrator of the Lee County Jail at all relevant times.

13.    Defendant Timothy[1] Jones was the assistant administrator of the Lee County Jail at all relevant times.

14.    Defendant Dakota Smith was a correction supervisor at the Lee County Jail at all relevant times.

15.    Defendant Sheila Threat was a correction supervisor at the Lee County Jail at all relevant times.

16.    Defendant Robert Price was a correction officer at the Lee County Jail at all relevant times.

17.    Kelsey Wilson was a correction officer at the Lee County Jail at all relevant times.

18.    Defendant Rodney Tabb was a correction officer at the Lee County Jail at all relevant times.

---

[1] Plaintiff believes "Timothy" is likely the correct first name based on research, but he only identified himself to plaintiff as "Captain Jones."

19.    Plaintiff sues each of the individual defendants in his or her individual capacity.

## FACTS

20.    On or about July 17, 2024, Shawn was arrested on a warrant for a failure to appear on misdemeanor charges.

21.    Shawn was in a car wreck in 2018 and suffered a stroke in the hospital.

22.    Shawn walked with a cane and was, in general, physically infirm.

23.    Shawn and his physical disabilities were known to personnel at the jail, including defendants Price, Wilson, Tabb, Welch, Jones, Smith, and Threat, from prior incarcerations.

24.    Due to Shawn's known disabilities, Shawn was housed in medical.

25.    Shawn was housed in medical because he could not protect himself in general population.

26.    Shawn was placed into a cell with Jimmy Jenkins.

27.    Jenkins had been incarcerated in the Lee County Jail since October 2023 and had been previously incarcerated at the jail.

28.    Jenkins was known to have been violent toward other inmates during his prior incarcerations at the jail.

29.    Jenkins had a history of assaulting other inmates during his current incarceration.

30. Jenkins was moved out of population and into the isolation cell due to his violence towards other inmates and because of concerns about his mental health.

31. Jenkins' violent history and mental issues were known to defendants Price, Wilson, Tabb, Welch, Jones, Smith, and Threat.

32. Jenkins' history was documented in the jail computer system and reviewed by each of these defendants.

33. Once in the isolation cell, prior to Shawn's arrival at the jail, Jenkins destroyed the cell door window and the call button.

34. A metal plate was welded in place of the window.

35. Because Jenkins would taunt and threaten jail personnel from inside the cell, another window, used for medical observation, was sprayed with black paint so that no one could see Jenkins inside the cell.

36. The call button was not replaced because jail personnel believed Jenkins would just destroy it again.

37. To the extent jail personnel were not previously aware of the situation regarding Jenkins (i.e., his violence against other inmates and mental issues), after Jenkins destroyed the cell door window and call button and the windows were painted over, all correction personnel were notified, verbally and in writing, regarding Jenkins.

38. All jail personnel were urged to use caution while dealing with Jenkins due to his recent assaults and volatile behavior.

39. When Shawn arrived at the jail, all jail personnel, including defendants Price, Wilson, Tabb, Welch, Jones, Smith, and Threat, understood that Jenkins was a violent inmate with mental issues who could not be safely housed with other inmates.

40. Jail personnel, including defendants Price, Wilson, Tabb, Welch, Jones, Smith, and Threat, knew, directly or from others, that Jenkins was in a volatile state.

41. Jail personnel, including defendants Price, Wilson, Tabb, Welch, Jones, Smith, and Threat, knew, directly or from others, knew that Jenkins had been moved to medical because of his mental issues and because he was assaulting inmates in general population.

42. Nevertheless, on July 17, 2024, defendants Price and Wilson, acting with deliberate indifference, placed Shawn into a cell with Jimmy Jenkins.

43. The officers who initially placed Shawn with Jenkins, defendants Price and Wilson, did so knowing that Jenkins was likely to do harm to Shawn, that Shawn was unable to defend himself, and that, because of the cell situation, there would be no opportunity for jail personnel to intervene.

44. That night, Jenkins began threatening Shawn, standing over Shawn while Shawn tried to sleep.

45. On July 18, 2024, Shawn reported that Jenkins was menacing him and that he did not feel safe. Shawn told defendant Tabb about the menacing behavior and requested to be moved for his safety.

46. Defendant Tabb documented Shawn's report and request in the computer system and communicated verbally to other officers, including Price and Wilson, and supervisors, including defendants Welch, Jones, Smith, and Threat, regarding Jenkins' behavior and Shawn's request to be moved for his safety.

47. That night the menacing behavior continued.

48. The next day, July 19, Shawn, with even more urgency, reported the continued menacing and made further requests to be moved out of the cell.

49. The reports/requests were made to multiple officers, including Price, Tabb, and Wilson, and passed on to jail supervisors, including Welch, Jones, Smith, and Threat.

50. Nevertheless, acting with deliberate indifference, each of these defendants, knowing the substantial risk to Shawn, refused to move Shawn out of Jenkins' cell.

51. In the early morning hours of July 20, 2024, Jenkins murdered Shawn by strangling him.

## Count I - 42 U.S.C § 1983
## Failure to Protect

52.    As explained above, defendants were deliberately indifferent to plaintiff's safety.

53.    Pursuant to the Eighth and Fourteenth Amendments of the United States Constitution, plaintiff is entitled to be free from a known and unreasonable risk of serious harm while in jail.

54.    Defendants, acting individually and in conspiracy with other defendants, failed to protect plaintiff.

55.    Defendants knew of and consciously disregarded the substantial risk that plaintiff would be injured while incarcerated, failing to protect him from harm.

56.    The misconduct described in this count was undertaken with deliberate indifference, malice, willfulness, and/or reckless indifference to the rights of plaintiff and others and was objectively unreasonable.

57.    Defendants' misconduct directly and proximately caused plaintiff to be subjected to an unreasonable risk of serious harm, and caused him to suffer damages including pain, suffering, fear, anxiety, rage, and other harmful physical and psychological harms, both from the brutal assaults and its devastating aftermath.

## RELIEF SOUGHT

58.    As relief, plaintiff seeks the following:

8

a. Appropriate declaratory and injunctive relief to remedy the unlawful policies and customs at the jail;

b. That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

c. That plaintiff be awarded against the individual defendants only such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover;

d. That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

e. That plaintiff be awarded the costs of this action, reasonable attorney's fees, and reasonable expert witness fees;

f. That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

## OTHER MATTERS

59. All conditions precedent to the bringing of this suit have occurred.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**Dated: July 17, 2025.**

9

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff